(68 App. Div. 296.)

DOUGLAS v. BOARD OF SUP'RS OF WESTCHESTER COUNTY.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

TAXATION—ERRONEOUS ASSESSMENT—REASSESSMENT.

The property of a nonresident was erroneously assessed as that of a resident, and the tax was by the court declared illegal, and stricken from the roll. *Held*, that the county supervisors could reassess the land under Laws 1877, c. 193, § 3, amending Laws 1874, c. 610, authorizing them to reassess all taxes on land so imperfectly described or so erroneously assessed that the collection thereof cannot be legally enforced; and this, though the resolution ordering the reassessment recited as a reason that the land was "imperfectly described," instead of reciting that it was "erroneously assessed."

Appeal from special term, Westchester county.

In the matter of the application of William H. Douglas against the board of supervisors of the county of Westchester. From an order denying applicant's motion to compel the board of supervisors of said county to refund certain taxes paid by him, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Clarence S. Davison (Andrew J. Shipman, on the brief), for appellant.

J. Addison Young, for respondent.

HIRSCHBERG, J. The appellant in 1898 was a resident of the city of New York, and the owner of certain real estate in North Tarrytown, town of Mt. Pleasant, Westchester county. In assessing this real estate in that year the assessors put his name in the first column of the roll among the names of residents, thus attempting to constitute the tax a personal charge against him. In certiorari proceedings instituted by him the tax as it appeared upon the assessment roll was declared illegal by the supreme court, and was ordered stricken from the roll. In the year 1899 the assessors reassessed said lands for the taxes of 1898, but on the appellant's complaint such reassessment was stricken from the roll by the board of assessors of the town. The following year a reassessment of the tax was directed by the respondent, the board of assessors of the county, and, the tax having been paid by the appellant under

protest, he thereafter moved in the county court for an order compelling the respondent to refund the amount to him, and now takes this appeal from an order denying that motion.

The chief point which the learned counsel for the appellant make seems to be, as stated on the argument, that if once the name of a nonresident owner of Westchester county real estate is placed in the wrong column, and such assessment is ordered by the court to be stricken from the roll as illegal, the tax can never be reassessed against him. This immunity is assumed to arise from the claim that the provisions of section 54 of the tax law (chapter 908, Laws 1896), relating to the reassessment by boards of supervisors of property erroneously or illegally assessed, do not apply to Westchester county, but that, on the contrary, the powers of the board of supervisors in that county are restricted to section 3 of chapter 193 of the Laws of 1877, amending chapter 610 of the Laws of 1874. This act is entitled "An act to authorize the sale of lands for the nonpayment of taxes, and for the collection of unpaid taxes in the several towns of the county of Westchester," and the amended section referred to confers power upon the board of supervisors of the county to reassess "all taxes on land so imperfectly described or so erroneously assessed that the collection thereof cannot be legally enforced." The resolution of the respondent, by which the reassessment in question was ordered, recited the fact that the lands in question were so imperfectly described in the assessment of 1898 that the collection of the tax could not be legally enforced. Whether or not this recital is to be taken as true, notwithstanding the alleged adjudication of illegality, and aside from the question of whether the provisions of section 54 of the tax law apply to Westchester county, I am of opinion that the appellant's motion was properly denied.

It is unnecessary to decide whether the provisions of this section of the tax law do apply to Westchester county, since it is quite evident from the record that the board of supervisors acted under the powers conferred by the local law. In this view, the appellant's grievance would seem to be confined to the fact that the board in reassessing the tax recited the wrong reason why the assessment was originally stricken from the roll, viz., that the property was imperfectly described, whereas in fact it was erroneously assessed, and was therefore and in that sense illegal. The objection in this instance, and for the purposes of this proceeding, is scarcely one of substance, and would hardly seem sufficient to warrant interference with a just result. The appellant was clearly liable to pay a tax upon his real estate for the year 1898, and therefore the imposition of such a tax was not illegal. It was error, however, to assess the tax against him as a resident. The vice of the assessment was in the mode of its attempted enforcement, and not at all in the inherent nature and extent of the tax itself. The case was accordingly presented of a lawful tax so erroneously assessed that its collection could not be legally enforced against the appellant's property, and so within the letter and spirit of the law relating to Westchester county. The adjudication in the order of the supreme court

by which the tax was stricken from the roll as illegal must be deemed to have a binding force as against the respondent, if at all, only within this limit, and as made manifest by the undisputed fact of the legality of the tax, and of the illegality, in a general sense, of the manner of the assessment. And in this view it is quite apparent that it was within the province of the respondent to restore the tax in accordance with the requirements of section 3 of the act of 1877.

The learned counsel for the appellant have raised many technical points upon the argument which do not require detailed consideration. The tax being just and lawful, such irregularities, if any, as may have attended the attempts of the authorities to enforce the liability, furnish no compelling reason why a return of the money should be required. The order should be affirmed.

Order of the county court of Westchester county affirmed, with $10 costs and disbursements. All concur.